UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG - 5 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

RICK ROY SCHLOTZHAUER,   )
                        )
            Petitioner, )
                        )
v.                      )   Civil Action No.   10 1311
                        )
BARACK HUSSEIN OBAMA, *et al.*,  )
                        )
           Respondents. )

## MEMORANDUM OPINION

This matter comes before the Court on review of petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of mandamus. The Court will grant the application and deny the petition.

Petitioner is serving a lengthy term of imprisonment on his conviction for conspiring to manufacture 1000 or more marijuana plants in violation of 21 U.S.C. § 841(b). *See United States v. Schlotzhauer*, 356 Fed. Appx. 56, 59 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). He states that, following an appeal of his criminal case, he "submitted a perfected writ to the Court of International Trade . . . demonstrat[ing] that the respondents and the Court never really allowed [him] to present [his] case[.]" Pet. (Jurisprudence) at 1. It appears that petitioner has filed a motion for default judgment in the Court of International Trade, *see id.* at 2, and he requests a writ of mandamus directing the Court of International Trade to enter a default judgment in his favor, *id.* Through this process, petitioner seeks his immediate release from incarceration.

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)). Where the action petitioner seeks to compel is discretionary, he has no clear right to relief and mandamus therefore is not an appropriate remedy. *See, e.g., Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Petitioner does not establish any of these elements. Moreover, insofar as he seeks to vacate, set aside or amend his sentence, this Court is without authority to entertain such a petition. *See Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997) (stating that sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing).

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

/s/ *[signature]*
United States District Judge

Date: July 29, 2010